UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

ERIC FRAZIER

Plaintiff,

-against-

JOHN MULLEN ET AL
(Individual Capacities),

Defendants.

---------------------------------------------------------------------- x

**ANSWER OF MULLER**

04 CV 1345 (RJD)(LB)

JURY TRIAL DEMANDED

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 13 2004 ★
BROOKLYN OFFICE

Defendant John Muller,[1] by his attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, as and for an answer to the complaint, respectfully alleges, upon information and belief, as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "I" and its subparts of the Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "II" and its subparts of the Complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "III" and its subparts of the Complaint, except admits that plaintiff purports to proceed as stated therein and that defendant Muller and Lopez were employed by the New York City Police Department at the time of the alleged incident.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "IV" of the Amended Complaint, except admits that plaintiff purports to proceed as stated therein.

---

[1] John Muller is sued herein as "John Mullen."

5. Denies the allegations set forth in paragraph "(1)" of the complaint.[2]

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "(2)" of the complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "(3)" of the complaint.

8. Denies the allegations set forth in paragraph "(4)" of the complaint.

9. Denies the allegations in paragraph "(5)" of the complaint, except admits that police officers responded to a 911 call on February 18, 2003.

10. Denies the allegations set forth in paragraph "(6)" of the complaint, except admits that officers heard arguing.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "(7)" of the complaint, except admits that officers noticed plaintiff's hand bleeding.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "(8)" of the complaint, except admits that plaintiff was taken to the 77th Precinct.

13. Denies the allegations set forth in paragraph "(9)" of the complaint, except admits that plaintiff was interrogated by defendant Muller.

14. Denies the allegations set forth in paragraph "(10)" of the complaint, except admits that plaintiff was not fingerprinted.

---

[2] Plaintiff attaches four (4) additional pages to the prisoner form complaint. These pages are entitled "First Cause of Action," "Second Cause of Action," "Third Cause of Action" and "Fourth Cause of Action." For the sake of clarity, defendant Muller has numbered these additional pages as paragraphs (1) through (20). For the Court's convenience, a copy of plaintiff's complaint, as marked by defendant Muller, is attached as Exhibit A.

15. Denies the allegations set forth in paragraph "(11)" of the complaint, except admits that photographs of plaintiff were taken.

16. Denies the allegations set forth in paragraph "(12)" of the complaint, except admits that plaintiff was taken to Kings County Hospital and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's wound.

17. Denies the allegations set forth in paragraph "(13)" of the complaint, except admits that plaintiff was released.

18. Denies the allegations set forth in paragraph "(14)" of the complaint.

19. Denies the allegations set forth in paragraph "(15)" of the complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "(16)" of the complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "(17)" of the complaint.

22. Denies the allegations set forth in paragraph "(18)" of the complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "(19)" of the complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "(20)" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

25. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

26. Defendant Muller has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

27. Defendant Muller has not violated any clearly established constitutional or statutory rights of which a reasonable person would have known, and therefore, defendant Muller is entitled to qualified immunity.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

28. At all times relevant to the acts alleged in the complaint, defendant Muller acted reasonably in the proper and lawful exercise of his discretion.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

29. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the defendant Muller.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

30. To the extent that the complaint alleges any claims arising under the laws of the State of New York, plaintiff has failed to comply with New York General Municipal Law § 50-e and, accordingly, such claims are barred.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

31. There was probable cause for plaintiff's arrest and/or detention.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

32. There was reasonable suspicion for plaintiff's detention.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

33. Plaintiff provoked any incident.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

34. This Court lacks subject matter jurisdiction inasmuch as plaintiff failed to grieve and/or exhaust administrative remedies.

**WHEREFORE,** defendant Muller requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
September 13, 2004

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
Attorney for Defendant Muller
100 Church Street, Room 3-183
New York, New York 10007
(212) 788-1575

By: ______________________
M. Vivian Najib (MN 6002)
Assistant Corporation Counsel

To: Pro se Eric Frazier
#03-A-5080
Clinton Correctional Facility
PO Box 2001
Dannemora, New York 12929

# DECLARATION OF SERVICE BY FIRST-CLASS MAIL

I, Vivian Najib, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that on September 13, 2004, I served the annexed Answer of Muller by depositing a copy of the same, enclosed in a first-class postpaid properly addressed wrapper, in a post office official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, upon the following:

Pro se Eric Frazier
#03-A-5080
Clinton Correctional Facility
PO Box 2001
Dannemora, New York 12929

Dated: New York, New York
September 13, 2004

Vivian Najib
Assistant Corporation Counsel

# Exhibit A

Original

04 CV 2042

FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

JUDGE MUKASEY

In the United States District Court
For the Southern District of New York

ERIC FRAZIER

NYSIS #: 6078329y
(optional)
TRIAL BY JURY

[Enter above the full name of the plaintiff(s) in this action.]

v.

JOHN MULLEN ETAL

(Individual Capacities)

RECEIVED
MAR 24 2004
PRO SE OFFICE

[Enter above the full name of all of the defendant(s). Make sure those listed above are identical to those contained in Item III.]

I. Previous lawsuits:

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?

Yes [ ] No [ x]

B. If your answer to A is yes, describe each lawsuit in questions 1 through 7 on the next page. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to this previous lawsuit:

Plaintiffs: ____________________

RECEIVED
JAN 07 2004
PRO SE OFFICE

Plaintiffs: ______

Defendants: ______

2. Court [if federal court, name the district; if state court, name the county]: ______

3. Docket number: ______

4. Name of Judge to whom case was assigned: ______

5. Disposition [for example: Was the case dismissed? Was it appealed? Is it still pending?] ______

6. Approximate date of filing lawsuit: ______

7. Approximate date of disposition: ______

II. Place of present confinement: Box F Fishkill, NY 12524

A. Is there a prisoner grievance procedure in th institution?

Yes [✓] No [ ]

B. Did you present the facts relating to your complaint the state prisoner grievance procedure?

Yes [ ] No [✓]

C. If your answer is YES:

1. What steps did you take? ______

2. What was the result? ______

D. If your answer is NO, explain why not: The plaintiffs complaint is against law enforcement officers of the N.Y.P.D. and matters outside of the jurisdiction of DOC.

III. Parties:

[In item A below, place your name and identification number in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.]

A. Name of plaintiff: Eric Sha-Mek Frazier 03A5080

Address: # Box F Fishkill, NY 12524

[In item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use item C for the names, positions, and places of employment of any additional defendants.]

B. Defendant John Mullen is employed as a N.Y.C. Police Detective for the N.Y.P.D. at the 77th. Police Precint in New York City ( Brooklyn ) .

C. Additional defendants: Robert Lopez#05187 Police Detective NYPD at the 77 Precinct, RN. Delicn & Dr. Gowda, Medical Unit at Rikers Island Jail (AMKC)'

[Make sure that the defendant(s) listed above are identical to those contained in the caption on page 1.]

IV. Statement of Claim:

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. [Use as much space as you need. Attach extra 8½ x 11 paper if necessary.]

The plaintiff herein proceed this civil rights complaint

V. Relief:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

The plaintiff herein seek the relief of 50 Million Dollars in the form of compensatory damages from each named defendant. Further, the plaintiff herein seek the relief of 65 Million Dollars in the form of punitive damages from each defendant. Lastly, the plaintiff seeks the relief of 3 Million Dollars in the form of pain and suffering.

Signed this 4 day of OCTOBER, 2003.

ERIC SHA-MEK FRAZIER # 03A5080

BOX F

Fishkill, NY 12524

Signature and address of each plaintiff. [INCLUDE STATE OR FEDERAL IDENTIFICATION NUMBER and NYSIS number [optional].) (You must notify the court and defendants of any change in your address.)

X

FIRST CAUSE OF ACTION

(1) In this first cause of action the plaintiff herein allege that his Fifth, Eighth, and Fourteenth Ammendment Rights of the U.S. Constitution were violated based upon:

(2) On Febuary 26, 2003 at approximately 8:25 P.M., the plaintiff went to the medication window of 11 module(b-side) to receive his medication from the facility nurse on by the name of Mr. Delion(spelling may be wrong), the plaintiff gave Mr. Delion his prison I.D. card and also stated his first and last name to receive his medication. The plaintiff asked Mr. Delion what it was he was administering to him and Mr. Delion responded, "the medication the Doctor prescribed for you." The plaintiff asked nurse Delion again what it was he was administering to him and nurse Delion advised the plaintiff it was an anti-depressant and sleeping medication, as such, the plaintiff took the medications as he was ordered to do so by nurse Delion. After approximately 20 or 30 minutes, the plaintiff was feeling lightheaded so he went back to the medication window to address his concerns to nurse Delion, as he, the plaintiff, was feeling strange. As such, the plaintiff asked nurse Delion for the names of the medications he was given, at such time, nurse Delion looked in the plaintiff's facility medical chart and told him it was Remron. The plaintiff then asked nurse Delion why did he give him two pills? Nurse Delion advised the plaintiff he made a mistake and gave him medication belonging to another Frazier. The plaintiff informed the officer that was escorting nurse Delion what happened and the officer advised the plaintiff he would take him to the facility clinic later after the medication run was completed. At approximately 9:40P.M. of the same night, the plaintiff spoke to a Captain by the name of Almonte about this issue and was told there was nothing he could do. The following morning at approximately 4:30 A.M., medication was being given out to people going to court and the plaintiff was given the medication of another individual named Frazier(Sterling) but this time the plaintiff gave the medication back to the nurse.

(3) Based upon defendant Delion unlawful actions of deliberate indifference, the plaintiff proceed this action

SECOND CAUSE OF ACTION

(4) In this cause of action the plaintiff herein alleges that his Fourth, Eighth, and Fourteenth Ammendment Rights of the US Constitution were violated based upon the following:

(5) On Febuary 18, 2003 at approximately 1:00 AM. while the plaintiff was at a friends' apartment, Officer Hanley along with with several other unknown New York City Police Officers responded to a 911 call in the vicinity of the apartment building that the plaintiffs' friend was residing in. During the course of he offic rs walking through the building, they heard the plaintiff and his friend arguing so they came to her apartment to make sure everything was okay. As the officers entered the plaintiffs' friend apartment, officer Hanley and another police officer noticed the plaintiffs' hand was bleeding so they immediately detained the plaintiff from leaving the premises. As such, at about 2:30 AM., the plaintiff was taken into custody and transported to the 77 Police Precinct by officer Hanley and his partner, but was never told he was under arrest. While being held against his will, the plaintiffs' request for legal counsel, and medical attention were constantly being denied, the plaintiff was held in a room and off and on until about 1:00AM, on 2-19-03, the plaintiff was interrogated by Detective Mullen and Lopez. The plaintiff was still not told he was under arrest, fingerprinted, nor read any Miranda Rights and the plaintiffs' requests for legal counsel and medical assistance was still denied along with the plaintiffs' request to leave. Detective Lopez and Mullen took approximately 15 photos of the plaintiff during such time the plaintiff was being detaned. Somewhere between the hours of 11:30PM and 1:AM. on 2-19-03, the plaintiff was taken to Kings County Hospital where the doctor was unable to stitch the plaintiffs' wound due to the fact that the wound was open too long without medical attention and had become badly infected. As such, at approximately 9:30AM, the plaintiff was released from the precinct and told that the victim said, "the plaintiff is not the person that assaulted him."

(6) Based upon defendants unlawful actions of deliberate indifference, the plaintiff proceeds with this action.

## THIRD CAUSE OF ACTION

(15) In this third cause of action the plaintiff herein allege that his Eighth, Fifth, and Fourteenth Ammendment Rights of the U.S. Constitution were violated based upon the following:

(16) On March 14, 2003, at approximately 8:50 A.M., I attended sick call because I had been vomitting and having diarhea for the last few days. I told the Doctor by the name of Gowda my ailments and he said that I was experiencing these problems because I was being given too many Anti-biotics at one time, but I should be alright because he discontinued one of them called Augmentin. I asked him what other medication am I being given through the medical department and he told me Cephelexin (anti-biotic), and Motrin (pain). It's clearly written throughout my medical files here and in society that I am allergic to Motrin. Furthermore, since I've been taking these medicines I've had to use my asthma inhalant more.

(17) Based upon defendant Gowda 'unlawful actions of deliberate indifference, the plaintiff proceed this action.

FOURTH CAUSE OF ACTION

(18) In this cause of action the plaintiff allege that his Fifth, Eighth, and Fourteenth Ammendment Rights of the US Constitution were violated based upon:

(19) On June 18, 2003 at approximately 2:00PM in the Anna M. Kross Center intake holding cell, the plaintiff hung himself from a vent located on the ceiling. Sometime after plaintiff lost consciousness, plaintiff was cut down and woken up by two unknown Correction Officers. One officer spoke to plaintiff to assure him everything would be alright, he would take plaintiff to the clinic to be checked out and to see Mental Health. Said officer was instead ordered by his superior, Captain Gillis(first name&shield# N/A), to shackle plaintiff, put him on the bus to be transfered to the Otis Bantum Correctional Center on Rikers Island and left without word of incident. Plaintiff was transfered to OBCC, his neck looked at by Medical and Mental then sent to Elmhurst Hospital to have neck x-rayed, and and finally admitted into Kings County Hospital Mental Health Frison Ward for attempted suicide where he remained for two(2) months.

(20) Based upon defendant Gillis unlawful actions of deliberate indifference, the plaintiff proceed this action.

Index No. 04 CV 1345 (RJD)(LB)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ERIC FRAZIER

Plaintiff,

-against-

JOHN MULLEN ET AL
(Individual Capacities),

Defendants.

**ANSWER OF MULLER**

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendant Muller*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: M. Vivian Najib*
*Tel: (212) 788-1575*
*NYCLIS No. 04 SF 008757*

*Due and timely service is hereby admitted.*

*New York, N.Y.* ............................................................, *200*......

.......................................................................................... *Esq.*

*Attorney for*.........................................................................